**FILED**

4/30/2020

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| TONIQUE LAURENT MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:20-cv-00516 (UNA) |
| | ) | |
| DEPARTMENT OF EDUCATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION</u>**

Plaintiff, proceeding *pro se*, filed a complaint and application for leave to proceed *in forma pauperis* ("IFP") on March 9, 2020.  Plaintiff failed, however, to provide her full residence address pursuant to D.C. Local Civil Rule 5.1(c), or alternatively, a motion requesting permission to use a P.O. Box.  The court issued an order on April 13, 2020, directing plaintiff to correct this error within thirty days.

Plaintiff has now filed a motion for permission to use a P.O. Box, indicating that she currently lives in a hotel, which makes receipt of mail difficult.  Taking plaintiff at her word, the court will grant her motion and now turns to assess the complaint.  The court will grant plaintiff's pending IFP application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the court determines that it lacks subject matter jurisdiction).

Plaintiff appears to be a resident of Chicago, Illinois. She sues the U.S. Department of Education, the U.S. Department of Treasury, a former Illinois Attorney General, the Illinois Treasurer, and Westwood College.  She states that the Illinois Attorney General's Office pursued litigation against Westwood College, alleging multiple forms of malfeasance.  *See People of the*

*State of Illinois v. Alta Colleges, Inc.*, *et al*., No. 14-cv-03786 (N.D. Ill. 2014).  She indicates that this litigation resulted in a settlement for certain criminal justice students.  Plaintiff, who was enrolled in Westwood College, but not as a criminal justice student, maintains that she is entitled to both money and student loan relief arising out of this particular settlement.

This court lacks subject matter jurisdiction to review the decisions of another district court. *See* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied*, 513 U.S. 1150 (1995). Therefore, this case will be dismissed without prejudice.  A separate order of dismissal accompanies this memorandum opinion.

_____/s/_____
AMY BERMAN JACKSON
United States District Judge

Date:   April 30, 2020